T.C. Memo. 2007-87

UNITED STATES TAX COURT

DUANE D. & INA R. GAY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14273-05.                    Filed April 12, 2007.

Duane D. & Ina R. Gay, pro sese.

<u>Albert B. Kerkhove</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined the following defi-
ciencies in, and accuracy-related penalties under section
6662(a)[1] on, petitioners' Federal income tax (tax):

_____

[1]All section references are to the Internal Revenue Code
(Code) in effect for the years at issue.  All Rule references are
to the Tax Court Rules of Practice and Procedure.

| Year | Deficiency | Accuracy-Related Penalty Under Sec. 6662(a) |
|------|-----------|---------------------------------------------|
| 2000 | $8,223 | $1,644.60 |
| 2001 | 3,657 | 731.40 |

The issues remaining for decision are:

(1) Should we sustain respondent's determination for each of the years at issue that the expenditures that petitioners made during each such year on certain properties must be capitalized and amortized?  We hold that we should.

(2) Should we sustain respondent's determination that petitioners are liable for each of the years at issue for the accuracy-related penalty under section 6662(a)?  We hold that we should.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time petitioners filed the petition in this case, they resided in Columbus, Nebraska (Columbus).

At times not disclosed by the record during 2000 and 2001, petitioners made expenditures for certain work that they had done on two rental properties that they owned on 40th Street and 8th Street, respectively, in Columbus (40th Street property and 8th Street property).

Petitioners timely filed Form 1040, U.S. Individual Income Tax Return, for each of their taxable years 2000 (2000 return) and 2001 (2001 return).

In Schedule E, Supplemental Income and Loss (Schedule E), included as part of petitioners' 2000 return (2000 Schedule E), petitioners showed total rents received of $16,490 and claimed total expenses of $61,654 and total losses of $45,164. An attachment to that schedule showed, inter alia, the following items which, when totaled and rounded to the nearest dollar, equal the total expenses of $61,654 claimed in the 2000 Schedule E:

> $39,545.86  expenses
> $ 4,427.94  Taxes
> $17,680.50  Credit card Visa
> $61,654.30

Schedule E included as part of petitioners' 2001 return (2001 Schedule E) contained no entries. However, an attachment to that schedule (attachment to the 2001 Schedule E) showed, inter alia, total rental income of $14,000 and total expenses of $89,542.

Another attachment to the 2001 Schedule E (second attachment to 2001 Schedule E) showed the following items which, when totaled and rounded to the nearest dollar, equal the total expenses of $89,542 shown in the attachment to the 2001 Schedule E:

| | |
|---|---:|
| Mark Wagner - lease | $634.00 |
| Brodey Pharmacy | $8,088.57 |
| Labor | $20,180.00 |
| Rental Utilities | $485.00 |
| Tooley Drug | $1,940.42 |
| Oakwood Nursing Home | $18,598.89 |
| Episcopal Church | $1,200.00 |
| Building Supplies | $28,624.00 |
| Aunt Lorraine's Health Ins. | $1,092.00 |
| Taxes | $8,699.29 |
| | $89,542.17 |

Respondent issued to petitioners a notice of deficiency (notice) for their taxable years 2000 and 2001.  In that notice, respondent determined, inter alia, that $26,971.69 of the total expenses of $61,654 that petitioners claimed in the 2000 Schedule E and $39,083 of the total expenses of $89,542 that petitioners claimed in the attachment to the 2001 Schedule E and the second attachment to the 2001 Schedule E must be capitalized and amortized.  In the notice, respondent also determined that petitioners are liable for each of their taxable years 2000 and 2001 for the accuracy-related penalty under section 6662(a).

                              OPINION

Petitioners bear the burden of proving that the determinations in the notice are erroneous.[2]  Rule 142(a); <u>Welch v.</u>

---

[2]Petitioners do not claim that the burden of proof shifts to
(continued...)

Helvering, 290 U.S. 111, 115 (1933).  Moreover, deductions are a matter of legislative grace, and petitioners bear the burden of proving entitlement to any deduction claimed.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  Petitioners were required to maintain records sufficient to establish the amount of any deduction claimed.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Claimed Property Expenditures

It is petitioners' position[3] that they are entitled to deduct for each of the years at issue the entire amount of the expenditures that they made during each such year for certain work done on the 40th Street property and the 8th Street property.  In support of that position, Ms. Gay testified:

> we have two properties that were totally destroyed by renters.  My husband went ahead, had to hire someone to do the repair work because he can't do it anymore.
>
> He came up with the totals of what it costs, the labor and the material, et cetera, and this was the numbers that he came up with and put it on his income tax.
>
> Later, we are audited and they say, No, we have to -- I think the term is disallowed.  There's a certain amount that the government wants, I guess, you have to amortize over a period of so many years.

----

[2](...continued)
respondent under sec. 7491(a).  In any event, petitioners have failed to establish that they satisfy the requirements of sec. 7491(a)(2).  On the record before us, we find that the burden of proof does not shift to respondent under sec. 7491(a).

[3]Although the Court ordered petitioners to file a posttrial brief, they failed to do so.

If he did that, he would be over 100-and-some years, which we know he's 75 now.  He would never recoup that money back.  He can't recoup the money back at all unless he can, you know -- you couldn't charge enough rent to recoup what the damage was in our life-time is what I'm saying.

According to petitioners, they would not have made the expenditures at issue on the 40th Street property and the 8th Street property during each of the years 2000 and 2001 if they had not believed that the entire amount of such expenditures is deductible for each of those years.  Instead, they would have abandoned those properties.

Section 263(a) provides that "No deduction shall be allowed for--(1) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate."  Section 263(a) denies a deduction for an expenditure for the year the expenditure is incurred when the amount paid or incurred:  (1) Creates or enhances a separate and distinct asset, see Commissioner v. Lincoln Sav. & Loan Association, 403 U.S. 345, 354 (1971); Wells Fargo & Co. & Subs. v. Commissioner, 224 F.3d 874, 882 (8th Cir. 2000), affg. in part and revg. in part 112 T.C. 89 (1999); (2) produces a significant benefit beyond the current taxable year, see INDOPCO, Inc. v. Commissioner, supra at 87-89; Wells Fargo & Co. & Subs. v. Commissioner, supra at 887; or (3) is in connection with the acquisition of a capital asset, Commissioner v. Idaho Power Co., 418

U.S. 1, 13 (1974).[4]

On the record before us, we find that petitioners have failed to carry their burden of establishing (1) that they are entitled for each of their taxable years 2000 and 2001 to deduct the entire amount of the expenditures that they made during each such year on the 40th Street property and the 8th Street property and (2) that no portion of such expenditures must be capitalized and amortized. On that record, we sustain respondent's determinations with respect to those expenditures.

Accuracy-Related Penalty

It is respondent's position that petitioners are liable for each of their taxable years 2000 and 2001 for the accuracy-related penalty under section 6662(a) because of negligence or disregard of rules or regulations under section 6662(b)(1).

The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Code. Sec. 6662(c). Negligence has also been defined as a failure to do what a reasonable person would do under the circumstances. See Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), affg. T.C. Memo. 1991-179; Antonides v. Commissioner, 91 T.C. 686, 699 (1988), affd. 893 F.2d 656 (4th Cir. 1990). The term "disregard" includes any careless, reckless, or intentional

---

[4]See also Basin Elec. Power Coop. v. Commissioner, T.C. Memo. 2004-109.

disregard.  Sec. 6662(c).

The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment if it is shown that there was reasonable cause for, and that the taxpayer acted in good faith with respect to, such portion.  Sec. 6664(c)(1).  The determination of whether the taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess such taxpayer's proper tax liability, the knowledge and experience of the taxpayer, and the reliance on the advice of a professional, such as an accountant.  Sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent has the burden of production under section 7491(c) with respect to the accuracy-related penalty under section 6662.  To meet that burden, respondent must come forward with sufficient evidence indicating that it is appropriate to impose that penalty.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Although respondent bears the burden of production with respect to the accuracy-related penalty that respondent determined for petitioners' taxable years 2000 and 2001, respondent "need not introduce evidence regarding reasonable cause * * * or similar provisions.  * * * the taxpayer bears the burden of proof with regard to those issues."  Id.

Petitioners conceded certain determinations that respondent made in the notice for each of the years at issue and, as a

result, have acknowledged that an underpayment exists for each such year.  Petitioners offered no evidence, and advance no argument, under section 6662 with respect to their return treatment for the years at issue of (1) the various items as to which respondent made determinations that petitioners conceded and (2) the expenditures in question as to which respondent made determinations that we sustained.[5]  On the instant record, we find that the burden of production that respondent has under section 7491(c) is satisfied.

On the instant record, we find that petitioners have failed to carry their burden of showing that they were not negligent and did not disregard rules or regulations, or otherwise did what a reasonable person would do, with respect to the underpayment for each of the years at issue.

On the instant record, we further find that petitioners have failed to carry their burden of showing that there was reasonable cause for, and that they acted in good faith with respect to, the underpayment for each of the years at issue.  See sec. 6664(c)(1).

On the record before us, we find that petitioners have failed to carry their burden of establishing that they are not liable for each of the years at issue for the accuracy-related

_____

[5]The record does not show that any records that petitioners maintained were sufficient under sec. 6001 and sec. 1.6001-1(a), Income Tax Regs.  See sec. 1.6662-3(b)(1), Income Tax Regs.

penalty under section 6662(a).  On that record, we sustain re-spondent's determinations under that section.

We have considered all of the parties' contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing and the concessions of petitioners,

<u>Decision will be entered for</u>

<u>respondent</u>.